UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONNIES STORE, INC., STEVEN A.
TONNIES, and SUSAN M. TONNIES,

    Plaintiffs,

    v.

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY and
MIKE KOETTING d/b/a/ KOETTING INS
& RESOURCE AGCY,

    Defendants.

Case No. 08-cv-539-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court for purposes of case management. It has come to the Court's attention that Plaintiffs, after removal of the action and without seeking prior leave of the Court, filed an amended complaint adding a defendant, Mike Koetting, who is a citizen of the same state as Plaintiffs (Doc. 5). Plaintiffs have moved for remand, asserting that the Court no longer has diversity jurisdiction over the action (Doc. 14). Defendant Koetting responded by filing a motion to dismiss the claims against him, asserting that he was fraudulently joined (Doc. 16). Plaintiffs then filed a motion requesting leave to file a second amended complaint (Doc. 26), representing to the Court that the second amended complaint would resolve the Defendant's motion to dismiss. However, the Second Amended Complaint also names Koetting as a defendant. Therefore, as things stand, the operative complaint has added a defendant whose presence would destroy diversity jurisdiction, and who was added without leave of Court.

Leave of court is required before a plaintiff can add new parties to a case. *Williams v. United States Postal Serv.*, 873 F.2d 1069, 1073 n. 2 (7th Cir. 1989); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736 (7th Cir. 1986); *LaBatt v. Twomey*, 513 F.2d 641, 651 n. 9 (7th Cir.1975); *see* Fed. R. Civ. P. 21 (stating in pertinent part, "On motion or on its own, the

court may at any time, on just terms, add or drop a party."). This rule is especially pertinent where, as here, the case is in federal court based on diversity jurisdiction and the addition of a new party could destroy that jurisdiction. *See, e.g., Horton v Scripto-Tokai Corp.*, 878 F Supp 902 (S.D. Miss. 1995). 28 U.S.C. § 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

In deciding whether to allow a plaintiff to amend the complaint to add a defendant whose presence would destroy subject matter jurisdiction, the district court must consider the reasons behind the proposed amendment. *Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 333 -334 (7th Cir. 2005). Because the Plaintiff never requested leave to file an amended complaint for the purpose of adding a non-diverse defendant, the Court was denied the opportunity to inquire into the reasons behind adding Koetting as a defendant. Because both the Amended Complaint and the Second Amended Complaint purport to join a non-diverse defendant without having sought prior approval of the Court to so do, neither is properly before the Court.

Therefore, the Court **STRIKES** both the Amended Complaint (Doc. 5) and the Second Amended Complaint (Doc. 35). The Court **DENIES as moot all pending motions** addressed, as they are, to inoperative complaints. If Plaintiffs wish to file an amended complaint joining additional defendants, they must first seek and obtain leave to do so from this Court.

**IT IS SO ORDERED.**
**DATED: October 9, 2008**

                                                      s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**